IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | 6:97-CR-9-RP |
| | § | |
| LATOYA T. ALLEN | § | |
| a/k/a LATOYA BROWN, | § | |
| | § | |

# ORDER

Before the Court are the government's Application for Turnover Order, (Dkt. 24), and Ms. Allen's two Motions to Waive Interest, (Dkts. 27, 39).[1] Having considered the parties' submissions, the record, and the applicable law, the Court will waive the interest that has accrued on Ms. Allen's restitution obligation and deny the government's motion to turn over the funds in Ms. Allen's commissary account.

## I. BACKGROUND

On October 28, 1997, Ms. Allen was sentenced to 300 months of incarceration after pleading guilty to charges of murder and carrying a firearm during a crime of violence. (Dkts. 13, 33).[2] Ms. Allen's sentence also included restitution of $5,940.00 and a special assessment of $200.00. (Dkt. 33). Ms. Allen, who remains incarcerated, has paid her restitution and special assessment in full. (Dkt. 24, at 1; Dkt. 27). The government now seeks to obtain from Ms. Allen the $4,209.02 in interest that accrued according to statute while she was paying her restitution. (Dkt. 24, at 1). The government asks the Court to order the Bureau of Prisons ("BOP") to turn over funds from Ms.

---

[1] Ms. Allen's two motions are substantively identical.

[2] Ms. Allen was a juvenile (age 16) at the time she committed her offense. (Dkt. 29, at 2). Although the sentencing guideline range for imprisonment on her first count was 135 to 168 months, (*id.* at 20), the Court granted the government's motion for an upward departure and sentenced her to 240 months' imprisonment on that count, (Dkt. 33, at 2).

Allen's BOP trust account to satisfy her interest debt. (*Id.* at 4). Ms. Allen asks the Court to waive the interest. (Dkts. 27, 39).

By statute, a federal criminal defendant is required to "pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment." 18 U.S.C. § 3612(f)(1). The same statute also allows a court to waive or limit the amount of interest owed "[i]f the court determines that the defendant does not have the ability to pay interest." *Id.* at § 3612(f)(3). The Court neither waived nor limited Ms. Allen's restitution interest at the time of sentencing. (*See* Dkt. 33; Dkt. 32, ¶ 2).

The government argues that waiver under Section 3612(f)(3) would be inappropriate because Ms. Allen currently has sufficient funds in her BOP trust account to pay the interest. (Dkt. 32, at 5). Ms. Allen responds that much of the money in her BOP trust account is her husband's and that she will need the money to support herself when she is released. (Dkts. 27, 41).

## II. JURISDICTION

Although not briefed by either party, there is a preliminary issue as to whether the Court has jurisdiction to waive Ms. Allen's restitution interest under Section 3612(f)(3).[3] "Once a court sentences a criminal defendant, it has jurisdiction to continue hearing related issues only when authorized by statute or rule." *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003) (citing *Carlisle v. United States*, 517 U.S. 416 (1886)). Federal courts have adopted conflicting positions on whether Section 3612(f)(3) confers jurisdiction upon a district court to modify a defendant's restitution interest after sentencing. *Compare United States v. Coleman*, 319 F. App'x 228, 230 (4th Cir. 2009) ("[Section] 3612(f)(3) permits the court, post-judgment, to waive or limit the payment of interest upon a finding that the defendant is unable to pay interest."); *McNeil v. United States*, No. 2:11-CV-02076-JCM, 2012 WL 1376971, at *4 (D. Nev. Apr. 19, 2012) (waiving a defendant's restitution

---

[3] "Any issue of jurisdiction must be addressed by [the c]ourt, *sua sponte* if necessary." *Lee v. Cox*, 31 F. App'x 159, 159 (5th Cir. 2001).

2

interest post-judgment under Section 3612(f)(3)); *United States v. Alston*, No. CR.A. 04-515, 2010 WL 3155253, at *2 (E.D. Pa. Aug. 2, 2010) (same); *United States v. Perez*, No. 90-CR-546, 2008 WL 4865992, at *3 (N.D. Ill. July 1, 2008) ("[A]ccording to the text and its context, [Section 3612(f)] provides th[e district c]ourt with the authority to waive or reduce the imposition of interest, either at sentencing or after sentencing."); *with United States v. Brumfield*, 125 F. Supp. 3d 648, 651 (W.D. Mich. 2015) (holding that Section 3612(f)(3) "does not grant district courts jurisdiction to modify an interest obligation after the sentence has been imposed"); *United States v. Fromm*, No. 98 CR 755, 2014 WL 2864710, at *1 (N.D. Ill. June 18, 2014) (holding that the court could not waive interest accrued under [Section] 3612(f)(3) after sentencing); *United States v. Messier*, No. 3:05CR279JBA, 2007 WL 1821687, at *1 (D. Conn. June 25, 2007) ("Section 3612(f)(3) appears to apply to restitution ordered at the time of sentencing, not to modification of restitution orders after their entry.").

The Court agrees with those courts that have held that Section 3612(f)(3) confers jurisdiction on a district court to modify a defendant's restitution interest not only at sentencing but also afterward. Section 3612 is entitled "Collection of Unpaid Fine or Restitution," and its subsections—including Section 3612(f)—all pertain to postjudgment collection matters. *See, e.g.*, 18 U.S.C. § 3612(a) (pertaining to notification of payments); *id.* at § 3612(d)–(e) (pertaining to delinquency and default). Indeed, Section 3612 itself appears in a chapter of the United States Code entitled "Postsentence Administration," where it appears among other postjudgment matters such as probation administration and release from incarceration. 18 U.S.C. Ch. 229; *see also Perez*, 2008 WL 4865992, at *1(employing a similar analysis). Finally, the plain text of Section 3612(f)(3) contains no temporal limitation on when a court may waive or limit the amount of restitution interest owed. Accordingly, the Court finds that it has the jurisdiction to waive or limit Ms. Allen's restitution interest. As explained in the next section, the Court finds that waiving Ms. Allen's interest is appropriate.

3

## III. WAIVER OF MS. ALLEN'S RESTITUTION INTEREST

Ms. Allen's motion for waiver centers on two points. The first is that she needs the money to support herself when she is released as early as next year;[4] the second is that the money in her BOP trust account is largely her husband's. Ms. Allen states that her husband has issues with gambling and that he put $9,000 into her BOP trust account so that it would be safe there and available to her when she is released. (Dkt. 41). Ms. Allen says that she will need the money in her trust account to cover "personals, transportation money, and clothing" when she is released to a halfway house. (Dkt. 42). She also states that she will be relying on her savings to support herself until she finds work and that her BOP counselor has encouraged her to save money to support herself upon her release. (*Id.*).

The government's response, meanwhile, focuses on the fact that Ms. Allen currently has sufficient funds available to her to pay her interest. The government argues that "because [Ms. Allen] has attachable funds that would completely satisfy the interest owed," waiver would be inappropriate. (Dkt. 32, at 5).[5] According to the government, Ms. Allen's eventual release to a halfway house mitigates her need for savings, since "the point of this transitional period is to help [Ms. Allen] adjust to life on the outside." (*Id.* at 6; Dkt. 32-1, ¶ 7).

---

[4] Ms. Allen avers without contravention that her release date is in April 2019 but that she is "due to be released to the halfway house in 2018" because of good-time credits. (Dkts. 27, 39).

[5] The government also argues that Ms. Allen's access to her husband's money through her trust account constitutes "substantial resources" that she is required to apply towards the interest on her restitution obligation under 18 U.S.C. § 3664(n). (Dkt. 24, at 4). Section 3664(n) provides that "a person obligated to provide restitution" who "receives substantial resources from any source . . . during a period of incarceration . . . shall be required to apply the value of such resources to any restitution or fine still owed." (*Id.*). The Court disagrees with the government's contention that Section 3664(n) compels Ms. Allen to apply the funds in her BOP trust account to the interest that has accrued on her restitution debt. Section 3664(n) applies by its own terms to restitution, not to interest that accrues while restitution is yet unpaid. Moreover, no other subsection of 18 U.S.C. § 3664—titled "Procedure for Issuance and Enforcement of Restitution"—mentions accrued interest. Instead, interest appears in Section 3612, which pertains to collections matters for both restitution *and* fines. Were interest a component of restitution to which Section 3664(n) applies, rather than a distinct component of the statutory scheme for the collection of restitution or fines, it would make little sense to discuss interest in Section 3612 instead of Section 3664. Indeed, if interest were not distinct from the underlying restitution obligation, it would make little sense to have both Section 3612(f)(3), which provides for modifying interest payments, and 18 U.S.C. § 3664(k), which provides for modifying restitution payments.

4

At bottom, the government's position is that the Court cannot waive or limit Ms. Allen's restitution interest even if she expects to rely on her savings in the near future to provide for necessary expenses and obligations upon her release. The Court does not take such a narrow view of Section 3612(f)(3)'s waiver provision. One's "ability to pay interest" involves more than the literal access to funds sufficient to satisfy a debt. For example, a criminal debtor might have enough money to satisfy her restitution interest on the first of the month when she receives her paycheck, but nonetheless owe rent, utilities, medical expenses, child support, or other non-discretionary expenses and obligations that reduce her net income and thereby limit her ability to pay her restitution interest. A person's ability to pay a criminal debt is defined not only by her present assets but also by her non-discretionary expenses, obligations, and financial needs.[6]

Here, Ms. Allen avers that she and her husband "don't have much." (Dkt. 27). She urges that the several thousand dollars she has saved in her BOP trust account is for "things [she is] going to need upon [her] release." (Dkt. 27). Ms. Allen states that when she is released, "[she] will be released to a [halfway house] but other than that [she has] nothing." (Dkt. 40). It took Ms. Allen almost 20 years to pay the $5,940.00 she owed in restitution because she "didn't have the funds" to do so more swiftly. (Dkt. 42).

The Court is sympathetic to Ms. Allen's desire to save the limited funds deposited by her husband into her BOP trust account to support herself upon her release. The Court is aware of the difficulties people with criminal records face in obtaining employment. The Court is also aware of

---

[6] The Court's construction of Section 3612(f)(3)'s "ability to pay" clause is reinforced by the Fifth Circuit's analysis of a person's ability to pay in a similar context. *See United States v. Franklin*, 595 F. App'x 267, 272–73 (5th Cir. 2014) (considering the defendant's expenses when determining his "ability to pay restitution" for the purposes of modifying a restitution-payment schedule under 18 U.S.C. § 3664(k)). Additionally, other federal circuit courts have looked to a defendant's expenses when considering whether the defendant had the "ability to pay" restitution for purposes of the due process analysis contemplated by *Bearden v. Georgia*, 461 U.S. 660 (1983). *See, e.g.*, *United States v. Hollis*, 445 F. App'x 888, 889 (7th Cir. 2011) (treating the defendant's living expenses as relevant to whether he had the "ability to pay" his restitution for the purposes of analyzing his willfulness defense under *Bearden*). Finally, other district courts considering a motion to waive interest under Section 3612(f)(3) have looked not only to the defendant's income but also to his or her non-discretionary expenses and obligations. *See Perez*, 2008 WL 4865992, at *3 (considering the defendant's five dependents, total monthly expenses, and outstanding credit card debt in analyzing his motion for waiver under Section 3612(f)(3)).

5

the difficulties people who have served long sentences face in readjusting to free society. Ms. Allen, when she is released, will have spent more than 20 years in prison after entering prison as a teenager. She will face considerable challenges finding and keeping work and building a stable life in a new environment. The Court must evaluate Ms. Allen's ability to pay the interest on her restitution debt in light of the savings she will reasonably require to support herself upon release. In that light, the Court is satisfied that waiving Ms. Allen's restitution interest under 18 U.S.C. § 3612(f)(3) is appropriate.[7]

Accordingly, **IT IS THEREFORE ORDERED** that the government's Application for Turnover Order, (Dkt. 24), is **DENIED**.

**IT IS FURTHER ORDERED** that Ms. Allen's Motions to Waive Interest, (Dkts. 27, 39), are **GRANTED**.

**SIGNED** on November 13, 2017.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[7] The Court appreciates that other federal district courts have reached different conclusions when applying Section 3612(f)(3)'s "ability to pay" provision. *See, e.g.*, *United States v. Benjamin*, No. CRIM. DKC 96-0217, 2011 WL 3821534, at *3 (D. Md. Aug. 26, 2011) (declining to waive the defendant's interest under Section 3612(f)(3) because he could not "know what his financial circumstances will be following his release"); *Perez*, 2008 WL 4865992, at *3–4 (declining to waive the defendant's interest under Section 3612(f)(3) where he argued that paying his restitution interest would be "a hardship" but did not claim "a complete inability to pay the interest on his fine"); *United States v. Fowler*, No. 1:03-CR-38-TS, 2008 WL 506061, at *3 (N.D. Ind. Feb. 20, 2008) (declining to waive the defendant's interest under Section 3612(f)(3) because her "statement that she is having 'financial difficulties' . . . is not enough to show that [she] does not have the ability to pay interest"). Whether waiver is appropriate under Section 3612(f)(3) must be determined on a case-by-case basis. Here, for the reasons discussed above, the Court is satisfied that Ms. Allen's circumstances justify waiving her outstanding interest.