IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | 6:97-CR-9-RP |
| | § | |
| LATOYA T. ALLEN | § | |
| a/k/a LATOYA BROWN, | § | |
| | § | |

**ORDER**

Before the Court are the government's Motion to Reconsider Order Granting Defendant's

Motion to Waive Interest, (Dkt. 44), and Defendant Latoya Allen's ("Allen") responsive filings,

(Dkts. 45, 47).[1] Having considered the parties' submissions, the record, and the applicable law, the

Court will vacate its order waiving Allen's interest and will instead modify her interest obligation.

On October 28, 1997, Allen was sentenced to 300 months of incarceration after pleading

guilty to charges of murder and carrying a firearm during a crime of violence. (Plea Bargain

Agreement, Dkt. 13; Sentencing Order, Dkt. 33). Allen's sentence also included restitution of

$5,940.00 and a special assessment of $200.00. (Sentencing Order, Dkt. 33). Allen, who remains

incarcerated, has paid her restitution and special assessment in full. (Mot. Appl. Turnover, Dkt. 24,

at 1; Mot. Waive Interest, Dkt. 27). The government now seeks to obtain from Allen the $4,209.02

in interest that accrued according to statute while she was paying restitution. (Mot. Appl. Turnover,

Dkt. 24, at 1).

Initially, the government asked the Court to order the Bureau of Prisons ("BOP") to turn

over funds from Allen's BOP trust account immediately to satisfy her interest debt. (*Id.* at 4). Allen

responded by asking the Court to waive her interest. (Mots. Waive Interest, Dkts. 27, 39). The Court

---

[1] The Court received correspondence from Allen's husband relating to the government's motion. (Dkt. 46). Because he is not a party to this case, the Court gives no consideration to his filing.

denied the government's request for a turnover order and, finding that Allen did not currently have an ability to pay the entire sum, entered an order waiving her interest in full. (Order, Dkt. 43).

In its motion for reconsideration, the government has changed its position. The government asks the Court to vacate its order waiving Allen's interest and reinstate her obligation to pay the full amount, but it no longer asks the Court to order immediate payment. (Mot. Recons., Dkt. 44, at 2). Instead, the government now asks the Court to modify Allen's obligation so that she would pay the $4,209.42 in monthly installments for 20 years. (*Id.*). Those monthly payments would be in the amount of $17.54.[2]

By statute, a federal criminal defendant is required to "pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment." 18 U.S.C. § 3612(f)(1). Although the interest is mandatory, a court may waive or reduce a person's interest if the court finds that the person is unable to pay it. *Id.* § 3612(f)(3). In light of Allen's limited financial resources, the Court found her to be currently unable to pay $4,209.42 as a lump sum just and waived her interest in full. (Order, Dkt. 42, at 4–6).

$17.54 per month is a different story. $17.54 per month is a sufficiently limited payment that, even considering Allen's current resources and obligations, the Court cannot say she is currently unable to pay it, much less that she will be unable to pay it 10 or 20 years down the road. And should Allen later become unable to pay $17.54 per month, she can petition the Court to waive or limit her interest under 18 U.S.C. § 3612(f)(3).

The Court has the authority to permit a person to pay a monetary penalty such as restitution interest in installments if it is in the interest of justice. 18 U.S.C. § 3572(d); *see also United States v. Williams*, No. CRIM 4:06-421-1, 2010 WL 1667852, at *2 (S.D. Tex. Apr. 23, 2010) (observing that a district court has "jurisdiction over a request to waive or modify an interest requirement under

---

[2] $4,204.42/240 = $17.539.

[Section] 3572(d)(3)"). The question then is not whether the Court has the authority to grant the government's requested relief but whether good cause exists to reconsider its earlier ruling.

Under Federal Rule of Civil Procedure 60(b)(6), a court may relieve a party from an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) 'is a grand reservoir of equitable power to do justice in a particular case . . . [that] gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice.'" *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005) (quoting *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992)). Rule 60(b)(6) permits a court to grant relief for any reason not listed in the five preceding subsections of Rule 60(b). *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 773 (5th Cir. 1995).

The Court finds that it would advance the interests of justice to vacate its order dated November 13, 2017, which waived Allen's restitution interest. As the government observes, restitution interest is mandatory in order to account for the time value of money and more fully compensate victims of crime. The Court's discretion to waive that interest is circumscribed, and in light of the government's new request, the Court cannot say that Allen is unable to pay a monthly installment of $17.54.

Accordingly, **IT IS THEREFORE ORDERED** that the government's Motion for Reconsideration, (Dkt. 44), is **GRANTED**. The Court's Order dated November 13, 2017, (Dkt. 43), is **VACATED**. The government's Application for Turnover Order, (Dkt. 24), however, remains **DENIED**.[3] Allen's Motions to Waive Interest, (Dkts. 27, 39), are **DENIED**.

**IT IS FURTHER ORDERED** that Allen shall pay interest on her restitution obligation under 18 U.S.C. § 3612(f) as follows:

---

[3] The government does not ask for the Court to reconsider its decision to deny the government's application for a turnover order, (Mot. Recons., Dkt. 44, at 7), and the Court therefore does not do so.

Allen shall pay interest in the amount of $4,209.42 through the United States District Clerk for the Western District of Texas, for distribution to the payee(s). Payment of this sum shall not begin before the date of Allen's release from Bureau of Prisons custody. Allen shall make interest payments at a rate of no less than $17.54 per month, due by the fifth day of each month, beginning no earlier than 90 days after the date that Allen is released from Bureau of Prisons custody.

This payment schedule shall not prevent statutorily authorized collection efforts by the United States Attorney. Allen shall notify the United States Attorney for the Western District of Texas within 30 days of any change in mailing or residence address that occurs while any portion of the restitution remains unpaid. Allen shall also notify the court of any material change in her economic circumstances that might affect her ability to pay the outstanding interest.

**SIGNED** on February 6, 2018.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE